## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEITH LARON DURR,

     Plaintiff,                     Case No. 2:23-CV-10022

v.                              HONORABLE VICTORIA A. ROBERTS
                                  UNITED STATES DISTRICT JUDGE

WAYNE,COUNTY OF, et. al.,

     Defendants,

_____/

## OPINION AND ORDER DENYING THE
## MOTION FOR RECONSIDERATION (ECF No. 10)

Before the Court is Plaintiff Keith Laron Durr's motion for reconsideration. For the reasons that follow, the motion is DENIED.

Plaintiff filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff was convicted in the Wayne County Circuit Court of first-degree felony murder and arson of a dwelling house.  Plaintiff pursued his direct appeals in the Michigan appellate courts; his conviction was affirmed.  Plaintiff sought and was denied habeas relief in the federal district court.  The Sixth Circuit denied Plaintiff a certificate of appealability and dismissed his appeal. *Durr v. Burt*, No. 19-1084, 2019 WL 7666746 (6th Cir. Sept. 23, 2019).  Plaintiff sued the defendants; he sought the disclosure of the files for his criminal case from the Wayne County Prosecutor, the Detroit Police Department, and the Detroit Fire Department so that he could appeal his conviction.

1

The complaint was summarily dismissed without prejudice for failing to state a claim upon which relief could be granted.  The Court ruled that Plaintiff has no federal constitutional right to a transcript or access to his criminal records to prepare a post-conviction proceeding, which was what Plaintiff is doing in this case since he already pursued his direct appeals in the Michigan courts.  The Court also dismissed the 1983 lawsuit because Plaintiff sought his criminal court records to attack his criminal conviction.   Plaintiff's sole federal remedy to challenge his criminal conviction would be by filing a petition for writ of habeas corpus.  The Court further concluded that Plaintiff was ineligible for monetary damages because his conviction was never reversed or vacated.

The Court subsequently denied Plaintiff's motion for leave to amend the complaint; Plaintiff's amended complaint made the same allegations that were rejected by this Court when the complaint was summarily denied; it was futile to allow Plaintiff to amend his complaint.

Plaintiff moves the Court for reconsideration.

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at * 1, n. 1 (E.D. Mich. Dec. 7, 2021)(citing See E.D. Mich. LR 7.1(h)(1)).  Plaintiff is proceeding *pro se*; the motion for reconsideration is construed

as a motion to alter or amend judgment filed under Fed. R. Civ. P. 59, since both motions are analogous. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)(treating motion to alter or to amend judgment filed by a *pro se* habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

Whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

The Court denies the motion to alter or amend judgment; Plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the civil rights

complaint and denied the motion for leave to amend the complaint. *Hence v. Smith,*

49 F. Supp. 2d at 553.

**The Court DENIES:**

(1) The Motion for Reconsideration. (ECF No. 10).

ORDERED.

s/ Victoria A. Roberts
HON. VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  4/20/2023