UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LARON DURR,

    Plaintiff,                        Case No. 2:23-CV-10022
v.                                     HONORABLE SEAN F. COX
                                        CHIEF UNITED STATES DISTRICT JUDGE

WAYNE,COUNTY OF, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING THE**
**MOTIONS FOR RELIEF FROM JUDGMENT (ECF Nos. 16, 17)**

Before the Court are Plaintiff Keith Laron Durr's motions for relief from judgment. For the reasons that follow, the motions are DENIED.

Plaintiff filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff was convicted in the Wayne County Circuit Court of first-degree felony murder and arson of a dwelling house. Plaintiff's conviction was affirmed on appeal by the Michigan appellate courts. Plaintiff was denied habeas relief in the federal district court. The Sixth Circuit denied Plaintiff a certificate of appealability and dismissed his appeal. *Durr v. Burt*, No. 19-1084, 2019 WL 7666746 (6th Cir. Sept. 23, 2019).

Plaintiff sued the defendants. He sought the disclosure of the files for his criminal case from the Wayne County Prosecutor, the Detroit Police Department, and the Detroit Fire Department so that he could appeal his conviction.

1

On January 23, 2023, this Court's predecessor, Judge Victoria A. Roberts, summarily dismissed the complaint without prejudice for failing to state a claim upon which relief could be granted.[1] Judge Roberts ruled that Plaintiff has no federal constitutional right to a transcript or access to his criminal records to prepare a post-conviction proceeding, which was what Plaintiff was doing in this case since he already pursued his direct appeals in the Michigan courts. Judge Roberts also dismissed the 1983 lawsuit because Plaintiff sought his criminal court records to attack his criminal conviction and the sole federal remedy for Plaintiff to challenge his criminal conviction would be by filing a petition for writ of habeas corpus. Judge Roberts further concluded that Plaintiff was ineligible for monetary damages because his conviction was never reversed or vacated. (ECF No. 5).

On March 21, 2023, Judge Roberts denied Plaintiff's motion for leave to amend the complaint, because the amended complaint made the same allegations that were rejected by Judge Roberts when the complaint was summarily denied. (ECF No. 9).

On April 20, 2023, Judge Roberts denied Plaintiff's motion for reconsideration. (ECF No. 10).

Plaintiff has now filed two Motions for Relief From Judgment pursuant to Fed. R. Civ. P. 60(b), which basically make the same argument.

---

[1] This case was reassigned to me because Judge Roberts retired from the bench.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001).

Plaintiff argues that he is entitled to relief from judgment because Judge Roberts failed to specifically address his obstruction of justice claim in any of her opinions.

Under Fed. R. Civ. P. 60(b)(1), a motion for relief from judgment can be granted for "mistake, inadvertence, surprise, or excusable neglect[;]" A claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1). *See Pierce v. United Mine Workers of Am., Welfare and Retirement Fund of 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985)(*citing Barrier v. Beaver*,

712 F.2d 231, 234 (6th Cir. 1983)). The Sixth Circuit has held that "[a] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Id.* Plaintiff is alleging legal error, thus, he had to bring his motion for relief from judgment within the normal time for taking an appeal from the district court's judgment. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

The time to appeal a civil action is thirty days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A). Judge Roberts summarily dismissed the complaint on January 23, 2023. She denied the motion to amend the complaint on March 21, 2023 and denied the motion for reconsideration on April 20, 2023. Depending on which order he was seeking relief from, Plaintiff had until May 20, 2023 at the latest, to bring his motion for relief from judgment. His current motions, signed and dated December 15, 2023, and January 8, 2024, are untimely. [1]

Plaintiff, however, also alleges that he is entitled to relief from judgment under the fraud on the court exception contained in Fed. R. Civ. P. 60(b)(3). The only alleged fraud, however, is that Judge Roberts erred in dismissing his complaint without addressing his obstruction of justice claim. Plaintiff's allegation that Judge

---

[1] Under the "prison mailbox rule," submissions by *pro se* petitioners are considered filed at the moment of delivery to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 271–72 (1988). Petitioner has sworn, under penalty of perjury, that he presented his Rule 60(b) motions to prison officials on December 15, 2023 and January 8, 2024, thus, this Court will accept these dates as the filing dates, under the prison mailbox rule. *See e.g. Miller v. Collins*, 305 F. 3d 491, 497-98 (6th Cir. 2002).

Roberts erred in dismissing his complaint is insufficient to justify relief under Rule 60(b)(3). *See Green v. Phillips*, 374 F. App'x 86, 88 (2d Cir. 2010).

**IT IS HEREBY ORDERED** that the motions for relief from judgment (ECF No. 16, 17) are **DENIED**.

Dated: February 7, 2024                         s/Sean F. Cox
                                                                    Sean F. Cox
                                                                    U. S. District Judge


I hereby certify that on February 7, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                                    s/J. McCoy
                                                                    Case Manager